NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 10 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ODECE DEMPSEAN HILL, | No. 20-17369 |
| Petitioner-Appellant, | D.C. No. 2:19-cv-04836-DWL |
| v. | |
| ATTORNEY GENERAL FOR THE STATE OF ARIZONA; DAVID SHINN, Director, Arizona Department of Corrections, | MEMORANDUM* |
| Respondents-Appellees, | |
| and | |
| CHARLES L. RYAN, | |
| Respondent. | |

Appeal from the United States District Court
for the District of Arizona
Dominic Lanza, District Judge, Presiding

Argued and Submitted March 9, 2022
Phoenix, Arizona

Before: HAWKINS, PAEZ, and WATFORD, Circuit Judges.
Dissent by Judge PAEZ

Odece Hill appeals from the district court's order denying his petition for a

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

writ of habeas corpus, which challenged the lawfulness of his convictions arising from the sexual assault of a victim who had passed away by the time of trial. We affirm.

**1.** The state court rejected Hill's Confrontation Clause challenge to the admission of a statement made by the victim to a sexual assault nurse examiner describing the alleged sexual assault. *See State v. Hill*, 336 P.3d 1283 (Ariz. Ct. App. 2014). We conclude that this decision was neither contrary to, nor involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1).

The Confrontation Clause restricts the admission of testimonial statements made by a non-testifying witness unless the witness is both unavailable and the defendant had a prior opportunity for cross-examination. *Crawford v. Washington*, 541 U.S. 36, 68 (2004). The Supreme Court has held that a statement is "testimonial" when the objective circumstances of the exchange eliciting the statement indicate that there is no ongoing emergency and that the primary purpose of the exchange was to "prove past events potentially relevant to later criminal prosecution." *Davis v. Washington*, 547 U.S. 813, 822 (2006); *see also Michigan v. Bryant*, 562 U.S. 344, 358 (2011).

In rejecting Hill's Confrontation Clause claim, the Arizona Court of Appeals identified the correct governing law—the primary-purpose test set forth in *Davis*

and *Bryant*.  *See Hill*, 336 P.3d at 1286–87.  The state court then evaluated the objective circumstances, including where the encounter took place, the formality of the exchange, the victim's medical condition, and whether law enforcement officers were present.  *Id.* at 1289–90.  Based on these factors, the state court concluded that "[t]he open-ended question ('Tell me why you are here'), posed to the victim in the emergency room, was not aimed at collecting evidence but at gathering information about the victim's medical condition."  *Id.* at 1290.  The court acknowledged that there was also an "investigative component" to the nurse's examination but concluded that the objective circumstances indicated that the "primary purpose was medical treatment, not the collection of evidence of a crime."  *Id.*

The state court applied the correct legal standard and conducted a fact-intensive analysis of the objective circumstances of the nurse's examination.  No decision of the Supreme Court clearly establishes that this fact-intensive analysis was incorrect.  Because fairminded jurists could disagree about whether the primary purpose in these circumstances was medical treatment or providing evidence for later criminal prosecution, Hill is not entitled to habeas relief.  *See Harrington v. Richter*, 562 U.S. 86, 101 (2011).

Hill also contends that the state court's decision was erroneous under the Supreme Court's decisions in *Melendez-Diaz v. Massachusetts*, 557 U.S. 305

(2009), and *Bullcoming v. New Mexico*, 564 U.S. 647 (2011). However, because the examination report created by the nurse was not itself admitted into evidence, those cases are inapposite.

2. The state court's decision was not based on an unreasonable determination of the facts under 28 U.S.C. § 2254(d)(2). Hill's argument under § 2254(d)(2) is entirely derivative of his argument under § 2254(d)(1) that the state court unreasonably applied clearly established law to the facts surrounding the nurse's examination, as none of the relevant facts here are in dispute. For the reasons explained above, we reject this argument as well.

**AFFIRMED.**

*Odece Hill v. Attorney General of the State of Arizona, et al.*, No. 20-17369

**Paez**, J., Circuit Judge, dissenting:

I respectfully dissent. In my view, the victim's statement was testimonial, and the state court's rejection of Hill's Confrontation Clause challenge was an unreasonable application of clearly established federal law.

As the majority explains, Karyn Rasile ("Rasile"), the sexual assault nurse examiner who examined the victim, testified at trial to the statements that the victim made during the examination. In affirming the district court's denial of habeas relief, the majority overlooks the surrounding "relevant circumstances" of the examination. *Michigan v. Bryant*, 562 U.S. 344, 369 (2011). These surrounding circumstances lead me to conclude that reversal is warranted.

It was clearly established law at the time of the state appellate court's decision that a defendant's Sixth Amendment Confrontation right is violated when a testimonial statement is admitted at trial despite the declarant being unavailable and the defendant having had no prior opportunity to cross-examine the declarant. *Crawford v. Washington*, 541 U.S. 36, 59, 68 (2004). To determine whether a statement is testimonial, we ask whether the "primary purpose" of the interrogation was "to enable police assistance to meet an ongoing emergency," which would render the statement nontestimonial, or to "establish or prove past events potentially relevant to later criminal prosecution," which would make the statement

1

testimonial. *Davis v. Washington*, 547 U.S. 813, 822 (2006). In determining whether a statement is testimonial, we consider: (1) whether the statement occurred during an "ongoing emergency" or was necessary to resolve one; (2) whether the statement described "events as they were actually happening" or "past events"; (3) how "formal[]" the interrogation was; and (4) how a "reasonable participant[]" viewing the declarant and interrogator's "statements and actions" and the surrounding "circumstances" would perceive the exchange's primary purpose. *Davis*, 547 U.S. at 827 (citation omitted and alteration in original); *Bryant*, 562 U.S. at 359–60.

Considering these factors, in my view, the victim's statement was testimonial, and the state court's dismissal of Hill's Confrontation Clause challenge was an unreasonable application of clearly established federal law. There was no "ongoing emergency" when Rasile examined the victim. *Davis*, 547 U.S. at 822. The victim's statement, which detailed the specifics of the sexual assault, described "past events" that were obviously "relevant to later criminal prosecution." *Id.* Although the examination took place in a hospital, it was relatively formal. *Bryant*, 562 U.S. at 366. Rasile asked every question on the Report, even those that did not apply to the victim or were pertinent only to a criminal prosecution, because she was "required" to do so.

2

Perhaps most importantly, Rasile's "statements and actions" would lead a "reasonable participant[]" to perceive that the examination's primary purpose, including the question "why are you here," was to gather evidence for a subsequent criminal prosecution. *Id.* at 360. Rasile consulted a law enforcement officer before examining the victim and explained to the victim that the examination would include collection of evidence. The victim, who already had been treated by emergency room staff, thereafter authorized Rasile's examination by signing a state-created form entitled, "Sex Crimes Evidence Report" ("Report"). The Report authorized Rasile "to perform a medical forensic examination" and "treatment," to "collect[] . . . evidence," to "photograph[]" the victim's "injur[ies]," and to "release . . . copies of the complete report to the law enforcement agency for purposes of prosecution."

It was under these circumstances that Rasile began the examination by asking "why are you here," to which the victim responded with the statement that Rasile later relayed at trial. Rasile then swabbed the victim's mouth, vagina, and anus, drew blood, and asked all the questions on the Report, even those with no apparent medical purpose. Rasile ultimately diagnosed the victim with "[s]exual assault by history," "[m]oderate genital and [n]o anal injury by exam," "[e]vidence of penetration of the vulva by exam and laboratory findings," and "[c]rime lab results pending." After the examination, Rasile did not prescribe any medication

3

to the victim or schedule a follow-up appointment with her. Considering Rasile's actions and the surrounding circumstances, a reasonable participant would view the examination as primarily for the purpose of "creating an out-of-court substitute for trial testimony." *Bryant*, 562 U.S. at 358.

The victim's statement was testimonial under all the indicia outlined by the Supreme Court in *Davis* and *Bryant*. *Davis*, 547 U.S. at 827; *Bryant*, 562 U.S. at 359–60. The state court failed to duly consider all of the circumstances of the victim's examination. For these reasons, the state court's application of clearly established federal law was unreasonable.

The state court's error also resulted in actual prejudice. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted); *Fry v. Pliler*, 551 U.S. 112, 121 (2007). As the state admits, if Rasile had not testified to the victim's statement, the prosecution would have been unable to prove Counts 16 and 17, as the statement provided the only details of which sex acts occurred in the bathroom. Because of the importance of the victim's statement, the absence of other corroborating evidence, and the overall weakness of the prosecution's case as it related to Counts 16 and 17, the admission of the victim's statement "had [a] substantial and injurious effect or influence in determining the jury's verdict." *Brecht*, 328 U.S. at 637; *Merolillo v. Yates*, 663 F.3d 444, 455 (9th Cir. 2011).

For these reasons, I respectfully dissent.